```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SINGLECARE SERVICES, LLC,                                               :
                                                                        :         20 Civ. 6488 (PAE)
                                        Plaintiff,                      :
                                                                        :         ORDER OF SERVICE
                -v-                                                     :
                                                                        :
TERRENCE JOHNSON,                                                       :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

SingleCare Services LLC ("SingleCare"), a prescription discount provider, brings this action against Terrence Johnson for violation of the Lanham Act, 15 § 1051, *et seq*., breach of contract, and indemnification. Dkt 1. SingleCare offers consumers pharmacy discount cards to participate in a prescription discount plan and uses independent contractors to facilitate the in-person distribution of the cards. *Id.* SingleCare alleges that that Johnson, a former independent contractor of SingleCare, unlawfully used SingleCare's intellectual property and registered trademarks without SingleCare's authorization. *Id.*

On September 11, 2020, SingleCare filed the instant motion and accompanying documents requesting this Court to grant leave to effectuate alternative service on Johnson. Dkts. 7–8. For the reasons that follow, the Court holds that SingleCare has shown that traditional service of the defendant is impracticable and that SingleCare's proposed service via email and U.S. Mail at the defendant's last known address comports with the requirements of due process, and therefore grants the motion.

**I.     Impracticability**

Federal Rule of Civil Procedure 4(e) provides, *inter alia,* that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located.  Fed. R. Civ. Proc. 4(e)(1).  New York state law, which applies here, provides a number of approved methods of service, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service.  N.Y. C.P.L.R. § 308(5).  "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."  *Noble v. Crazetees.com*, No. 13 Civ. 5086 (PAE), 2014 WL 12792236, at *1 (S.D.N.Y. Jan. 28, 2014) (quoting *Shamoun v. Mushlin*, No. 12 Civ. 03541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013)).

SingleCare has more than shown the impracticability of traditional service—SingleCare has shown that actual prior attempts, performed with due diligence, have been unsuccessful. SingleCare attempted to serve Johnson at the address that Johnson had provided SingleCare in October 2018 and again in May 2019:  2141 Prospect Avenue, Apt. 9, Bronx County, New York 10457.  Dkt. 7.  Johnson also used this Bronx address on a tax form dated October 31, 2019, and had SingleCare send his commission checks there, the most recent of which was sent in July 2020, and all of which were cashed.  *Id.*  And SingleCare was unable to locate any possible alternative addresses for Johnson through a public records search.  *Id*.  But, when SingleCare's process server attempted to serve Johnson at that Bronx address on August 21, 2020, an individual present at that address refused to open the door and stated that Johnson did not reside there.  *Id.*  SingleCare attempted personal service at that same address twice more, on August 26,

2020 at 7:41 p.m. and on August 28, 2020 at 6:58 pm, to no avail. *Id.* SingleCare's process server also unsuccessfully attempted to make contact with neighbors of the Bronx address to determine whether Johnson was indeed a resident of the apartment. *Id.*

In sum, given SingleCare's "demonstrated inability to effectuate service through traditional means, the Court concludes that service pursuant to the particular methods specified by New York State law is impracticable and that alternative service is appropriate." *Noble*, 2014 WL 12792236, at *2 (quoting *Shamoun*, 2013 WL 91705, at *2).

## II.     Due Process

SingleCare's proposed combination of service via both email and U.S. Mail comports with due process. Due process requires "that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). First, "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). SingleCare has identified the email address that Johnson put on his independent contractor agreement and used to communicate with Single Care during his independent contractor relationship with SingleCare: tjohnson914@gmail.com. Dkt. 7. It is substantially reasonable to assume that emails sent to that address are likely to reach the defendant.

In addition, for the reasons given above, it is also substantially reasonable to assume that Johnson was—at least at one time—associated with the Bronx address at which SingleCare thrice attempted service. If Johnson is still associated with that address, service by U.S. Mail will reach him there. And, if Johnson has indeed relocated, his mail may be forwarded to his

new address; if so, service by U.S. Mail would notify the defendant of the pending action. As a result, the proposed combination of service via email and U.S. Mail comports with the requirements of due process.

## CONCLUSION

The Court therefore grants the plaintiff leave to effectuate the proposed alternative means of service on Johnson. The Court directs the plaintiff to serve a copy of the summons, Complaint, and this Order on the defendant by email and U.S. mail and to file proof of that service on ECF.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 18, 2020
       New York, New York